Case number 14-5187, Samuel Zook et al. Appellants v. Environmental Protection Agency and Gina M. McCarthy. Mr. Taylor for the appellants, Mr. Gunter for the appellees. Good morning. Good morning. If it may please the court, my name is Wally Taylor. I represent four plaintiffs who are requesting that the EPA list certain pollutants as pollutants under the Clean Air Act to be regulated and animal feeding operations as stationary sources to be regulated. We have brought this case to the citizen suit statute of the Clean Air Act, which provides both for suits regarding non-discretionary actions where there is a time-certain deadline or a ministerial act or unreasonable delay. That unreasonable delay provision was put in there in 1990 with the amendments to the Clean Air Act. The EPA takes the position that the language in sections 108 and 111, which provide for the listings of these pollutants and sources, allows them the judgment or the discretion to never make this listing under either statute. The statutes, however, are clearly mandatory. They say that EPA shall list from time to time or revise the list from time to time. The courts have said that this judgment that is set forth in that clause, in the administrator's judgment, simply means at most that the administrator has the judgment concerning the specifics of a proposed rule or a proposed listing. Not the judgment to never list those pollutants or those sources. Well, they're not saying that they have the discretion never to do it. They're just saying under this statute you can't challenge it. You could file a rulemaking and argue that their actions are arbitrary and capricious, and then you could challenge it that way. Isn't your problem that this statute is limited to violations of non-discretionary acts? And that's all the case is really about. Isn't that right? You can challenge their discretion. You just have to do it in a rulemaking. The EPA's position, as I understand it, is that the discretion they're asking for is never to make the listing. You could challenge that. If that's what they responded in a request for rulemaking, you probably have a pretty good case. Well, the petition for rulemaking, as I've said in my brief, is a very difficult position to take in terms of the deference and everything that's given to the EPA. But I don't see anything in either the Clean Air Act or the citizen supervision that requires a plaintiff to undertake a petition for rulemaking. And in fact, as I noted, the... Well, you certainly could, but I don't think you have to. And as I indicated in my reply brief, the impetus for the amendment in 1990 to the citizen supervision was a decision in Maine v. Thomas. In that case, the court said that, unfortunately, prior to the amendment, the only remedy that the plaintiffs had was a petition for rulemaking. So it seems pretty clear that the purpose of the amendment to the citizen supervision was to allow a plaintiff to directly sue the EPA under the citizen supervision for unreasonable delay and not have to go through the petition for rulemaking. But the point the EPA makes, I think, is that it's one thing to file a citizen suit that complains about unreasonable delay and then says something to the effect of, you need to make an endangerment finding at some point and you haven't made an endangerment finding. It's another thing to say, what you need to do is list. Because as the EPA reads the statute, I think, there's a sequence. First, there's the discretionary making of an endangerment finding, and then the mandatory duty that your suit is predicated upon presupposes that that endangerment finding has been made. But what your suit does is to skip over the first discretionary part and go directly to the mandatory part. And that's what EPA is saying the citizen supervision doesn't allow. It would be one thing if you filed a suit that said, you need to make a finding. It's just taking too long to make a finding. It would be another thing to say, based on everything that's out there in the world, you need to list. Because the list is contingent. The statute makes the list contingent on the finding. Well, I believe, Your Honor, that the error the EPA is making here is saying that that initial step, the endangerment finding, is totally in their discretion whether to ever make it or not. And if that were the case, then the mandatory nature of the statute would be a novelty. They would never do the listing from time to time as the statute requires. So that's why the courts have said in the Friends of the Earth case and the Center for Biological Diversity case that the phrase in the Administrator's judgment does not mean that they have the judgment whether or not to ever make that finding. The judgment is the specifics of that finding. And that is a determination that the district court is in a position to make whether or not the specifics are correct or not. But that does not preclude the non-discretionary nature of the EPA's duty to make that finding and to revise the listing from time to time. And the courts have said that from time to time is a perfectly acceptable But how would you say that there's a non-discretionary duty to make the finding, and by which finding I'm talking about endangerment, when the statute speaks in terms, both statutes speak in terms of judgment, that it's hard to see, at least there would seem to be some tension between an argument that there's a non-discretion, there's no discretion involved in the endangerment finding, but then the statute speaks in terms of the EPA's judgment. That seems like discretion. In fact, in Mass. EPA, the Supreme Court referred to it as discretionary. Well, the endangerment finding, as I said, is something that has to be done in order for the listing to be made. And if the endangerment finding is something the EPA never has to do, or just do whatever they want, then the mandatory nature of the statute is not carried out. And that's, in fact, what even Judge Jackson found in the Friends of the Earth case, that the phrase that the administrative judgment does not mean that the EPA has the discretion to never make that judgment. And I would point out that in this case, we believe that the evidence is so clear regarding the endangerment from these pollutants and from these sources that the district court could find if we get a remand and go back and do discovery, that there's just no question that the EPA would have to make the finding. But that's a question for the district court. The issue here is that the EPA does not have the discretion to never make that finding. And most of the cases that EPA relies on are pre-1990 cases. The one post-1990 case that seems to be the most relevant is American Lung Association v. Riley. And in that case, the court said that it's for the district court to determine the unreasonable delay under the citizen suit when there is no time-certain deadline, but that the time period is from time to time. So I think that's what we have here. The two statutes, Section 108 and 111, clearly say that the EPA shall, from time to time, make these listings. And they cannot avoid that by saying that they have the judgment to never make that listing. All right. Why don't we hear from Apelli, and then we'll give you some time on rebuttal. Okay. Good morning. I'm David Gunter from the Department of Justice here on behalf of EPA. With me at council table is Scott Jordan from EPA's Office of General Counsel. What's at stake in this case is the question of who can set the regulatory agenda for EPA's regulation of air pollutants and stationary sources. In Norton v. Sua, the Supreme Court said that the court can only compel agency action if Congress has given EPA a specific unequivocal command that leaves EPA with no discretion. So if Congress has given EPA such a command, then the court is bound to enforce it. But if Congress has left EPA any discretion at all, then the Act doesn't allow private litigants to come in with a complaint and drive EPA's agenda. So let me ask you, what's the status of these rulemakings? Currently, there are petitions for rulemakings from other parties. They're not alleged in the complaint, and so I don't think we can consider them here for purposes of privacy. Matter of public record. Matter of public record. And EPA has not yet acted upon them, and there's an active case now. So the reason I ask the question is suppose, hypothetically, there had been a series of requests for rulemaking, and nothing happened for two decades. Still no way to get at that? No, I disagree. Through a citizen suit? The way to get at that would be to file a petition for rulemaking and then to allege unreasonable delay in EPA's action. Right, in a citizen suit, yeah. Yes, in a citizen suit under Section 304. And in fact, other parties have filed such a petition, and litigation is ongoing as to what will happen with those petitions. What's unusual about this case? In the district court here? I believe it's currently in the district court in District of D.C. And can I just ask one clarification on that? The party that files a citizen suit alleging that there's unreasonable delay in dealing with a petition for rulemaking does not have to be the same party that filed the petition for rulemaking in the government's view? Or does it have to be the same party? I don't know what our position is on that. I'm sorry. That's okay. So in other words, if the same entity here, if the same plaintiff here wanted to file a citizen suit and says, I don't have my own petition for rulemaking pending, but there are petitions for rulemaking pending, I care a lot about those because the folks that I represent have the same interests as those folks. There's been a lot of delay in taking any action in response to those. So I'm filing a citizen suit. I could imagine some defenses that the government might raise to that, such as whether the plaintiffs in that case had exhausted their administrative remedies. But I can't bind the government on that here because this case is different. Okay. So let me just be clear. The argument here is, for the reasons Judge Tatel was exploring with counsel for Appellant, this lawsuit as he styled it doesn't fit within the statute. And I just want to be clear, the argument EPA makes is, well, you can file a rulemaking. So Judge Srinivasan's question, I just want to be clear, that if a rulemaking has been filed, a petition for rulemaking involving these same pollutants and the same stationary sources, are you suggesting that if this plaintiff were to file the citizen suit under 304, that there would be an exhaustion problem? I realize this isn't beyond your case, but I just want to be clear. Because in your brief you did say they could file, and I thought that may be where Judge Srinivasan's question was coming from. What I suggested in my brief is that these plaintiffs could file a notice, I'm sorry, a petition for rulemaking. And that if they did that and EPA had not acted on it, then they could seek review for unreasonable action. So if the very identical petition for rulemaking had already been filed, and part of their brief is that there have been rulemakings, petitions for rulemakings filed, and nothing's been done on them. That's the case that I don't want to take a position on. No, that's the case that they argue. No, they argue that in their brief. They say there are rulemakings pending, and EPA hasn't done anything. I agree with that, Judge Rodgers. They do make that point in their brief. They did not make that allegation in their complaint. And since this was dismissed on a 12b-6, what we need to look at is whether the allegations of their complaint state a claim. Now, the only claim of duty that their complaint makes is a freestanding duty that's independent of any petition for rulemaking that can arise any time there is scientific literature in the public record to suggest that a pollutant or a group of sources has harmful health effects. They say that once that information is out there and EPA knows about it, that Congress commanded EPA to act and to list. And that's where EPA has a problem with this claim. So let's suppose, hypothetically, the scientific community as a whole had come together and issued a report saying, we think it's essential that the administrator list these pollutants and regulate these stationary sources. As I understand your argument, it would be that the plaintiff is still out of court under a citizen suit. On the type of claim that the plaintiffs here have alleged, yes, they're out of court. And I can explain that with reference to the text of the statute and also with respect to this Court's case law. So let me start with the text. As Judge Srinivasan pointed out, both Section 108 and Section 111 require the administrator's exercise of judgment before any duty to list can arise. So could you file a petition for mandamus? I don't believe you could file a petition for mandamus because the exercise of judgment makes it a discretionary action. And the only time that mandamus relief is available is when the agency has no discretion. So discretion assumes, does it assume anything about reasonable action or inaction? I believe that mandamus does not. Mandamus is only available to compel a ministerial act. Clear duty, yeah. Right. So I think that the relief that you're proposing would be under Section 307. If a petition for rulemaking were filed, and EPA had to make an administrative record that the Court could review about its reasons for denying that petition, then the situation you're describing, in which there's overwhelming scientific consensus, might be a case in which plaintiffs could allege that EPA's exercise of discretion were arbitrary and capricious. But here, the only available relief is compulsion of the agency to perform the duty that the complaint alleges. And here that duty is to list. So the plaintiffs want to explain to the district court why the scientific evidence here justifies listing. But that puts in the hands of the Court a decision about endangerment that the statute specifically leaves to the administrator's judgment under both Section 108 and Section 111. So if you take out of the field of vision the complication of having a different party file the unreasonable delay suit from the party that filed the petition for rulemaking, let's just suppose that they're the same party, to make it easier. In that situation, if you have a circumstance in which the statute appears to be framed as this one is, where there's a mandatory duty that's predicated on the exercise of discretion, the discretionary exercise hasn't happened yet, and the folks who are interested are wanting to know why that's the case. They've already filed a petition for rulemaking, no action. They then file a citizen suit that says, we haven't heard anything, it's getting late in the day, can we get an explanation of why the agency hasn't acted? And that suit seems like a proper suit as far as you're concerned. It might be that the EPA has, the agency would have a ton of discretion in explaining why it hasn't taken action yet, but the suit would still be able to go forward, thus requiring the agency to come forward with some explanation as to why the action hasn't been taken. Yes, assuming they had met the requirements for a section 304 suit, like 180 days notice and things like that, then I think what would happen is the court would have a summary judgment hearing in which EPA could explain why it had exercised its discretion not to act yet in the way that it could, and would be able to offer reasons why its delay were reasonable. Again, that's not the case here. This is an allegation of a freestanding duty. And this court has decided a case that explains this distinction. It's Sierra Club v. Thomas, a 1987 case. Now, it's true that it's before the 1990 amendments, and the court discussed some things in that case that were relevant only prior to the 1990 amendments. But after discussing that question, the court went on to describe different kinds of unreasonable delay cases that might come before the court of appeals. One of those was the agency's delay in completing a proceeding that was pending before it. That's the situation you were describing of a pending petition for rulemaking. Another kind is simply recalcitrance in the face of official duty. And the court said it can offer relief in those situations only where there's a clear and unequivocal statutory command that the agency act. But then we went on in wild earth to give the agency even greater leeway by saying if the agency says, well, we don't have the staff to do it, and we have decided on different priorities. That's right. The court still has no role. The court held in wild earth that if the agency offers a reasonable basis for denying a petition for rulemaking, then the court will uphold it as long as that basis is not arbitrary and capricious. But that's actually a very good point. No, but it went further. That's the thrust of my question. In other words, EPA says we're in charge of our agenda, and we have limited staff, and we've chosen to focus elsewhere. Yes, EPA explained in denying that petition for rulemaking that it believed it could achieve greater emissions reductions. So bottom line is unless there's a way to get EPA to move on the rulemaking, there is no relief. I mean, it's EPA's decision, and Congress said it was. That's right. Congress gave EPA discretion to make a judgment about whether pollutants or sources endanger health and welfare. And there's no mandatory duty to act until EPA exercises that judgment. Once EPA makes an endangerment finding, as it has for other kinds of pollutants recently, then regulatory consequences flow from that. And those regulatory consequences can be quite burdensome. EPA would have to establish an ambient air quality standard. It would have to establish new source performance standards. States would have to revise their SIPs. Now, that's not to say that there couldn't be a duty arising from these sections, but it does suggest that the Court should look for a very clear statement that that's what Congress intended before it will construe Section 304 to allow this kind of claim. Unless the Court has further questions, I'll take my seat. Thank you. Counsel for Appeal? Thank you. I could not find any cases where a plaintiff suing for an invisible delay following a petition for rulemaking was not the party who filed the petition. Maybe they're out there, but I couldn't find one. So I hope that answers your question as best I can. But I don't think that in this case that it were required to file a petition for rulemaking. That was the purpose of the amendment to the sentence supervision. So a party would not need to file and go through all the procedures of a petition for rulemaking, wait how many years for the EPA not to act, and then have to file a suit and get into all that litigation. The purpose of the amendment was to allow a plaintiff to take action directly when there's a clear violation of a reasonable delay. And that's what we have here. I wasn't quite sure of what Mr. Gutter was saying about summary judgment, but it seems to me that that's what we're asking for here, not summary judgment necessarily, but for the district court to make fact findings for the plaintiffs to be able to undertake discovery to determine why there's a delay, what the EPA's position is on the endangerment finding, and the source, and that's what the district court is in the best position to do. Anything further? Pardon? Anything further? Yes, thank you. The judgment, as Judge Kennedy said in the Center for Biological Diversity case, the judgment that is in the statutes is a fact judgment, not a policy judgment. And that's why it's appropriate for the district court to make that finding, and it's not the kind of discretion or judgment that would preclude this from being a nondiscretionary action. Okay. I think you made that point in your opening remarks. Anything new? I would just finally say that Sierra Club v. Thomas, which is a case that the EPA relies on a lot, and the district court did as well, is a pre-1990 case. And if you read it, that is the basis on which the court made that decision, that they were looking at a time-certain deadline of being required to have district court jurisdiction. If not, it would be in this court, but that's not the case anymore. So I think that the 1990 amendment really makes this case appropriate for district court decision. Thank you. Thank you. We will take the case under advisement.
judges: Rogers, Tatel, Srinivasan